SC

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Christopher Lamar Cleveland,          )    No. CV 12-2323-PHX-DGC (SPL)
                                      )
               Plaintiff,             )    **ORDER**
                                      )
vs.                                   )
                                      )
Arizona Department of Safety, et al., )
                                      )
               Defendants.            )
_____)

Plaintiff Christopher Lamar Cleveland, who is confined in the Pinal County Jail in Florence, Arizona, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*.[1]  Plaintiff has also filed numerous motions and notices, including a motion for appointment of counsel, motions to order Defendants to respond, and a motion for preliminary injunction. (Doc. 5-7, 10-16.) The Court will dismiss the Complaint with leave to amend and deny the motions and notices to the extent that any relief is sought.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $18.40.  The remainder of the fee will be

_____

[1]  Plaintiff has filed three other cases since he commenced this one: <u>Cleveland v. Arpaio</u>, No. CV12-2605-PHX-DGC (SPL) (§ 1983); <u>Cleveland v. Babeu</u>, No. CV12-2685-PHX-DGC (SPL) (§ 2254 habeas); and <u>Cleveland v. Babeu</u>, No. CV13-0045-PHX-DGC (SPL) (§ 2241 habeas).

JDDL-K

collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.      Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th

Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  The Court will dismiss Plaintiff's Complaint for failure to state a claim, but because the Complaint may possibly be saved by amendment, the Court will dismiss the Complaint with leave to amend.

## III.    Complaint

Plaintiff alleges four counts for violation of his Eighth and Thirteenth Amendment rights.  Plaintiff sues the Arizona Department of Public Safety (DPS); Arizona Governor Jan Brewer; Pinal County Attorney James P. Walsh; and Deputy Pinal County Attorney Jason R. Holmberg.  Plaintiff seeks injunctive, compensatory, and punitive relief.  In particular, Plaintiff asks that DPS be required to show proof that Plaintiff was convicted of a sexual offense in California by producing a copy of the case file, a pardon from Brewer, removal of his name from the DPS sex offender registry, and restoration of his parental rights.

Plaintiff alleges the following: he is listed as a "high level" sex offender on the DPS sex offender website based on an alleged "Santa Monica Co. Crt." conviction for lewd and lascivious acts with a child.  (Doc. 1, attach.)  Plaintiff claims that no records support that he was convicted in "Santa Monica County" of a sex offense because there is no Santa Monica County in California.[2]  Plaintiff further alleges that since 2001, the posting of this inaccurate

----

[2]    While there is no Santa Monica County in California, there is a Santa Monica Courthouse, which is part of the Los Angeles County Superior Court.  See http://www.lasuperiorcourt.org/locations/ui/location.aspx?loc=sm& (last visited Jan. 29,

1  information on the DPS sex offender website, despite Plaintiff's repeated attempts to have

2  it removed, has damaged his reputation and adversely affected his life.  Plaintiff alleges that

3  DPS is supervised and controlled by the Arizona Governor and that both DPS and Brewer

4  are liable for disseminating inaccurate information about him, which has resulted in

5  Plaintiff's arrest and prosecution and adversely affected all aspects of his life.

6       **Background**

7       Unofficial information from the Administrative Office of the Courts for Los Angeles

8  County, which is available on Westlaw, reflects that a person named "Christopher Lamar

9  Cleveland" was *charged* with a "P 288.A" offense in Los Angeles County Court, case#

10  SA013565, on May 13, 1993.[3]  California Penal Code § 288a penalizes oral copulation with

11  a person under 18 years of age and/or with a person against the person's will, among other

12  circumstances.  See West's Ann. Cal. Penal Code § 288a.  Plaintiff asserts that "per Los

13  Angeles Superior Crt. (Clerk) John A. Clarke case no. SA013565," he is not a convicted sex

14  offender.  (Doc. 1 at 3A, 4B (Plaintiff's hand-written replica of a Culver City Municipal

15  record reflecting that Plaintiff was charged on May 13, 1993)

16       According to Maricopa County Superior Court records available on-line, on

17  September 30, 2003, Plaintiff was sentenced to 2.5 years in prison after pleading guilty to

18  failure to register as a sex offender in case# CR2003-037149, apparently based on California

19  case SA013565.[4]  On December 18, 2007, Plaintiff was sentenced to serve three years in

20  prison after pleading guilty to one count of failing to register as a sex offender with one prior

21

22

23

24  2013).  The description on DPS's website apparently refers to the Los Angeles County

25  Superior Court located in Santa Monica, i.e., a county courthouse located in the city of Santa
    Monica.

26       [3] See https://web2.westlaw.com, criminal arrest & infractions records-California

27  (CRIM-CA), record date May 13, 1993, case# SA013565 (last visited Jan. 30, 2013).

28       [4] See http://www.courtminutes.maricopa.gov/docs/Criminal/102003/m1159258.pdf
    (last visited Jan. 29, 2013).

**JDDL-K**                                      - 4 -

felony in Maricopa County Superior Court case #CR2007-030890.[5]   Defendant Jason R.

Holmberg was the Deputy Maricopa County Attorney who prosecuted that case.[6]

Plaintiff is currently charged in two criminal cases in Pinal County Superior Court. In case #CR201200144, he is charged with one count of failure as a sex offender to file a notice of address or name charge, and in case #CR201202592, he is charged with one count each of failure as a sex offender to file a notice of moving out of the county and failure to register with the sheriff's department.[7]   In a minute entry issued December 20, 2012 in CR201200144, the court set a hearing on a *state* motion to dismiss, which was scheduled to be held on January 8, 2013.[8]   Based on the scheduled hearing in that case, the court reset the pretrial conference in CR201202592 to be held the same day.[9]   Both hearings have since been continued for reasons, and to a date, not reflected in records currently available on-line.[10]   Defendant Holmberg is the deputy county attorney prosecuting both Pinal County cases.[11]

---

[5]   See http://www.courtminutes.maricopa.gov/docs/Criminal/122007/m2979475.pdf (last visited Jan. 29, 2013).  In the minute entry, Plaintiff's last name is spelled "Cleaveland" but the referenced prior felony was CR2003-037149.  Id.

[6]   See n.5, supra.

[7]   See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx (Last visited Jan. 29, 2013).

[8]   See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited Jan. 29, 2013).

[9]   See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited Jan. 29, 2013).

[10]   See http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, case## CR2012 00144 and CR201202592 (last visited Jan. 29, 2013).

[11]   On November 16, 2012, Plaintiff filed a petition for writ of habeas corpus in the District Court for the Central District of California.  Cleveland v. State of Cal., No. 2:12cv09821-VBF-MRW (C.D. Cal. Nov. 16, 2012), doc. 1.  In his petition, Plaintiff sought to expunge CR SA01356501 for which he "supposedly" served 365 days in jail followed by 36 months on probation.  Id.  Plaintiff stated that he requested a copy of case SA01356501 and received a response that it was a Culver City municipal case that was dismissed on November 30, 1993.  Id., doc. 3.  On December 13, 2012, Plaintiff's California habeas case

## IV.    Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

### A.    DPS

Plaintiff sues the DPS.  Ordinarily, under the Eleventh Amendment to the Constitution of the United States, neither a state nor a state agency may be sued in federal court without its consent.  Pennhurst St. Sch. & Hosp., 465 U.S. 89, 100 (1984); Taylor v. List , 880 F.2d 1040, 1045 (9th Cir. 1989).  Further, neither the State of Arizona nor any State agency is a "person" within the meaning of § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency).  For both reasons, DPS will be dismissed as a Defendant in this case.

### B.    Brewer

Plaintiff also sues Arizona Governor Brewer.  Eleventh Amendment immunity bars suit for damages against Brewer in her official capacity for violations of federal law, but does not bar suit for declaratory or injunctive relief against her.  See Coalition to Defend Affirmative Action v. Brown, 674 F.3d 1128, 1134 (9th Cir. 2012).  However, an "individual state official sued 'must have some connection with the enforcement of the act.'"  Id. (quoting Ex parte Young, 209 U.S. 123, 157 (1908)).  Further, "that connection 'must be fairly direct; a generalized duty to enforce state law or general supervisory power over persons responsible for enforcing the challenged provision will not subject an official to

---

was dismissed based on lack of jurisdiction where Plaintiff sought relief under 28 U.S.C. § 2241, and he was not then "in custody" pursuant to a California state court judgment, but was instead in the custody of Arizona officials on Arizona state charges.  Id., doc. 4.

suit.'" Id. (quoting L.A. Cnty. Bar Ass'n v. Eu, 979 F.3d 697, 704 (9th Cir. 1992)).

Plaintiff predicates his allegations against Governor Brewer on acts taken in her official capacity and on her general supervisory power over persons responsible for enforcing the DPS sex offender website and Arizona Revised Statute § 13-3821. That is not sufficient to establish her connection to the posting of allegedly inaccurate information about Plaintiff on the website. Accordingly, Plaintiff fails to state a claim against her and she will be dismissed.

### C.    Count I

Plaintiff designates Count I as a claim for threat to safety[12] in violation of his Eighth and Thirteenth Amendment[13] rights based on allegedly inaccurate information posted to the DPS website about him. Plaintiff asserts Count I only against DPS and the Arizona Governor. As discussed above, DPS is not a proper Defendant and Plaintiff fails to state a claim against Governor Brewer. Accordingly, Plaintiff fails to state a claim against any Defendant in Count I and that count will be dismissed.

### D.    Count II

Plaintiff designates Count II as a claim for falsifying a conviction in violation of 18

---

[12] To state a claim under § 1983 for failure to protect or threats to safety, an inmate must allege facts to support that he was incarcerated under conditions posing a substantial risk of harm and that officials were "deliberately indifferent" to those risks. Farmer v. Brennan, 511 U.S. 825, 832-33 (1994). To adequately allege deliberate indifference, a plaintiff must allege facts to support that a defendant knew of, but disregarded, an excessive risk to inmate safety. Id. at 837. That is, "the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference." Id. Plaintiff has not alleged facts to support he has been incarcerated under conditions posing a substantial risk of harm to him.

[13] "The Thirteenth Amendment declares that '[n]either slavery nor involuntary servitude, except as punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.'" United States v. Kozminski, 487 U.S. 931, 942 (1988) (quoting Amendment XIII). "By its terms [the Thirteenth] Amendment excludes involuntary servitude imposed as legal punishment for a crime." Id. at 943. To the extent that Plaintiff seeks relief for his detention or incarceration in connection with criminal charges or convictions, he fails to state a Thirteenth Amendment claim.

U.S.C. § 1001 and violation of his Thirteenth and Fourteenth Amendment rights.  Plaintiff alleges that Pinal County Attorney Walsh and Deputy County Attorney Holmberg became aware that charges filed against Plaintiff had been dismissed by the Culver City Municipal Court but withheld such information and continued to wrongfully prosecute Plaintiff based on a non-existent sexual offense conviction, which has resulted in Plaintiff's wrongful detention.  Plaintiff has attached a copy of the State's 1st Notice of Supplemental Disclosure in CR201200144, in which Walsh and Holmberg state they caused a copy of records from the Arizona Department of Corrections and records from the municipal court of Culver City to be delivered to Plaintiff's attorney.  (See Doc. 1 at 4A-4C.)  Plaintiff states that the National Crime Information Center (NCIC) shows that on November 30, 1993, Culver City Municipal Court dismissed a charge for acts with a minor in case #SA013565.  (Id. at 4.)  Plaintiff contends that Defendants Walsh and Holmberg withheld this information and maintained their allegedly wrongful prosecution against him.

A prosecutor is absolutely immune from liability under § 1983 for conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process."  Buckley v. Fitzsimmons, 509 U.S. 259, 270 (1993) (citing Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); Burns v. Reed, 500 U.S. 478, 486 (1991) (quoting Imbler, 424 U.S. at 430-431); Ashelman v. Pope, 793 F.2d 1072, 1076 (9th Cir. 1986).  That is, "[a] prosecutor is protected by absolute immunity from liability for damages under § 1983 'when performing the traditional functions of an advocate.'"  Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir. 2005) (quoting Kalina v. Fletcher, 522 U.S. 118, 131 (1997)).  Absolute immunity extends to a prosecutor "eliciting false or defamatory testimony from witnesses" or making false or defamatory statements during, and related to judicial proceedings.  Buckley, 509 U.S. at 270 (citations omitted).  "However, 'the actions of a prosecutor are not absolutely immune merely because they are performed by a prosecutor.'"  Genzler, 410 F.3d at 636 (quoting Buckley, 509 U.S. at 273).  Rather, prosecutorial immunity depends on "'the nature of the function performed, not the identity of the actor who performed it.'"  Id. (quoting Kalina, 522 U.S.

at 127).  A prosecutor is only entitled to qualified immunity, rather than absolute immunity, when he performs administrative or investigative functions.  Id.

Plaintiff's allegations against Defendants Walsh and Holmberg concern their prosecution of him, including their delivery of supplemental disclosure to Plaintiff's attorney. Such conduct is intimately associated with the judicial phase of criminal proceedings against Plaintiff.  For that reason, Defendants Walsh and Holmberg are entitled to prosecutorial immunity for their acts in prosecuting Plaintiff.  Accordingly, Count II will be dismissed based on prosecutorial immunity.

**V.    Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint.  If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint."  The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference.  Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat an original complaint as nonexistent.  Ferdik, 963 F.2d at 1262.  Any cause of action that was raised in the original complaint is waived if it is not raised in a first amended complaint.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**VI.    Plaintiff's Motions**

As noted above, Plaintiff has filed numerous motions and notices.  To the extent that Plaintiff seeks any relief in his notices, his notices will be denied.  To seek relief, Plaintiff

must file a motion.

### Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel.  (Doc. 5.)  Counsel is only appointed in a civil rights action in "exceptional circumstances."  Agyeman v. Corrections Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'"  Wilborn, 789 F.2d at 1331; see Agyeman, 390 F.3d at 1103; Terrell, 935 F.2d at 1017.

The legal issues involved in this case do not present exceptional circumstances and Plaintiff appears able to articulate his claims.  Therefore,  Plaintiff's motion for appointment of counsel will be denied.

### Motions to Proffer and for Hearing

Plaintiff has also filed a motion to proffer or request a free talk.  (Doc. 6.)  In this motion, Plaintiff appears to seek relief regarding information contained on the DPS sex offender website and in connection with the merits in this case.  This motion will be denied as premature prior to screening of an amended complaint and service on any Defendant in this case.

Plaintiff has also filed a motion for hearing or conference.  (Doc. 7.)  In this motion, Plaintiff again appears to be seeking relief regarding purportedly false information about him on the DPS sex offender website.  As with the motion to proffer, this motion will be denied as premature prior to the screening of an amended complaint and service on any Defendant.

### Motion to Require Defendants to Respond

Plaintiff has also filed two motions asking the Court to order a response by Defendants. (Doc. 10, 15.) As discussed herein, his Complaint is being dismissed for failure to state a claim with leave to amend.  Service on or more Defendants will not be ordered unless Plaintiff files an amended complaint that states a viable claim against at least one

1    Defendant.  Plaintiff's motions to order a response will be denied.

2        **Motion for Injunctive Relief**

3        Plaintiff has filed a motion for a preliminary injunction.  (Doc. 12.)  Plaintiff asserts

4    that it is impossible for him to receive a fair trial in CR201202592 because he has been

5    libeled since 2001 as a sex offender and maintains that he has never been convicted of a sex

6    offense.  Plaintiff asks this Court to order the Pinal County Superior Court to "produce case

7    file records proving its claim that SA01356501 is a true sex offense."  (Id. at 2.)  He

8    otherwise asks this Court to intercede in his state criminal proceedings.

9        The abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents

10   a federal court in most circumstances from directly interceding in ongoing state criminal

11   proceedings.  Further, the Younger abstention doctrine applies while a case works its way

12   through the state appellate process, if a prisoner is convicted.  New Orleans Pub. Serv., Inc.

13   v. Council of City of New Orleans, 491 U.S. 350, 369 (1989).  Only in extraordinary

14   circumstances will the Younger  doctrine not bar federal interference with ongoing (non-

15   final) state criminal proceedings.  Such circumstances include when a  prisoner alleges that

16   he is being subjected to double jeopardy.  See Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th

17   Cir. 1992).  Speedy trial claims may also be reviewed if a detainee is seeking to compel the

18   state to bring him to trial, rather than seeking dismissal of the charges, and the detainee has

19   exhausted all of his state court remedies.  Braden v. 30th Judicial Circuit Court of Kentucky,

20   410 U.S. 484, 489-90 (1973); see In re Justices of Superior Court Dep't of Mass. Trial Court,

21   218 F.3d 11, 18 & n.5 (1st Cir. 2000).

22       Plaintiff has not alleged, nor does it appear, that he is being subjected to double

23   jeopardy.  Plaintiff has been charged with new violations of Arizona's sex offender

24   registration law.  Plaintiff also does not seek to compel the state to bring him to trial.  To the

25   contrary, he seeks release and dismissal of the current charges.  Thus, the Younger abstention

26   doctrine applies and Plaintiff's motion to intervene in his state court proceedings will be

27   denied.

28

**Motion to Provide Proof of Santa Monica Court Case**

Finally, Plaintiff has filed a motion seeking production of records to support that he was convicted of a sex offense in California, including a copy of the actual judgment, and again seeks intervention by this Court in his state criminal proceedings.  To the extent that Plaintiff is seeking discovery from Defendants, his request is premature prior to service of an amended complaint on one or more Defendants.  To the extent that he seeks intervention by this Court in his state proceedings, his motion will be denied based on the <u>Younger</u> abstention doctrine.

**VII.   Warnings**

**A.   Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release.  Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot.  Failure to comply may result in dismissal of this action.

**B.   Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure.  Plaintiff must not include a motion for other relief with a notice of change of address.  Failure to comply may result in dismissal of this action.

**C.   Copies**

Plaintiff must submit an additional copy of every filing for use by the Court.  <u>See</u> LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

**D.   Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil

judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    Plaintiff's Application to Proceed *In Forma Pauperis* is **granted**.  (Doc. 2.)

(2)    As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $18.40.

(3)    The Complaint is **dismissed** for failure to state a claim.  (Doc. 1.)  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

(4)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

(5)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

(6)    Plaintiff's motions to appoint counsel, to proffer, for hearing, and to order Defendants to respond are **denied**.  (Docs. 5-7, 10, 12, 14, and 15)

1    (7)    Plaintiff's notices are **denied** to the extent that he seeks any relief therein.

2  (Docs.8, 9, 11, 13, 16)

3    DATED this 7th day of February, 2013.

4

5

6    _____

7    David G. Campbell
     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1. <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2. <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten. The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3. <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4. <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5. <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6. <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

Phoenix & Prescott Divisions:    **OR**     Tucson Division:
U.S. District Court Clerk                    U.S. District Court Clerk
U.S. Courthouse, Suite 130                   U.S. Courthouse, Suite 1500
401 West Washington Street, SPC 10           405 West Congress Street
Phoenix, Arizona  85003-2119                 Tucson, Arizona  85701-5010

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*). Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed. See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>         Attorney for Defendant(s)
>
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint. Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

    1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

    2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

    3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

    1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

    2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

    3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

    You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

    You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

4

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,     )
(Full Name of Plaintiff)     )
        Plaintiff,     )
                                 )
        vs.     )  **CASE NO.** _____
                                 )        (To be supplied by the Clerk)
(1)_____,     )
(Full Name of Defendant)     )
(2)_____,     )
                                 )  **CIVIL RIGHTS COMPLAINT**
(3)_____,     )  **BY A PRISONER**
                                 )
(4)_____,     )  ☐ Original Complaint
        Defendant(s).     )  ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.     )  ☐ Second Amended Complaint

### A.  JURISDICTION

1.    This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.    Institution/city where violation occurred: _____.

Revised 3/9/07          1          **550/555**

## B.  DEFENDANTS

1.   Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
                        (Position and Title)                                         (Institution)

2.   Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
                        (Position and Title)                                         (Institution)

3.   Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
                        (Position and Title)                                         (Institution)

4.   Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
                        (Position and Title)                                         (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

## C.  PREVIOUS LAWSUITS

1.   Have you filed any other lawsuits while you were a prisoner?       ☐ Yes       ☐ No

2.   If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

    a.  First prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    b.  Second prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

    c.  Third prior lawsuit:
        1.   Parties: _____ v. _____
        2.   Court and case number: _____.
        3.   Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
        _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.    State the constitutional or other federal civil right that was violated: _____
_____.

2.    **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail                   ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property               ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____

3.    **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.    **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.    **Administrative Remedies:**
  a.    Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                ☐ Yes    ☐ No
  b.    Did you submit a request for administrative relief on Count I?                   ☐ Yes    ☐ No
  c.    Did you appeal your request for relief on Count I to the highest level?          ☐ Yes    ☐ No
  d.    If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated:  _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities            ☐ Mail            ☐ Access to the court       ☐ Medical care
☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion      ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                      ☐ Yes     ☐ No
b.   Did you submit a request for administrative relief on Count II?         ☐ Yes     ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes     ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not.  _____
_____.

4

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities          ☐ Mail          ☐ Access to the court          ☐ Medical care
☐ Disciplinary proceedings   ☐ Property      ☐ Exercise of religion         ☐ Retaliation
☐ Excessive force by an officer   ☐ Threat to safety   ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                                    ☐ Yes   ☐ No
b.   Did you submit a request for administrative relief on Count III?                    ☐ Yes   ☐ No
c.   Did you appeal your request for relief on Count III to the highest level?           ☐ Yes   ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                              DATE                                          SIGNATURE OF PLAINTIFF


_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)


_____
(Signature of attorney, if any)

_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.