SC

**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Christopher Lamar Cleveland,  )   No. CV 12-2323-PHX-DGC (SPL)
                              )
          Plaintiff,          )   **ORDER**
                              )
vs.                           )
                              )
Arizona Department of Safety, et al.,  )
                              )
          Defendants.         )
_____)

Plaintiff Christopher Lamar Cleveland, who is confined in the Pinal County Jail in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] In an Order filed on February 7, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim with leave to amend. (Doc. 17.) Plaintiff has filed a First Amended Complaint and two notices. (Doc. 19, 20, 21.) The Court will dismiss the First Amended Complaint for failure to state a claim with leave to amend and deny the notices to the extent that any relief is sought therein.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C.

---

[1] Plaintiff has filed several other cases since he commenced this one: Cleveland v. Arpaio, No. CV12-2605-PHX-DGC (SPL) (§ 1983); Cleveland v. Babeu, No. CV12-2685-PHX-DGC (SPL) (§ 2254 habeas); Cleveland v. Babeu, No. CV13-0045-PHX-DGC (SPL) (§ 2241 habeas); Cleveland v. Voyles, No. CV13-0265-PHX-DGC (§ 1983 civil rights); and Cleveland v. Babeu, No. CV13-0328-PHX-DGC (SPL) (§ 2254 habeas).

JDDL-K

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally."  Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'"  Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would

1   undermine district judges' role as impartial decisionmakers." <u>Pliler v. Ford</u>, 542 U.S. 225,

2   231 (2004); <u>see also</u> <u>Lopez</u>, 203 F.3d at 1131 n.13 (declining to decide whether the court was

3   required to inform a litigant of deficiencies).   The Court will dismiss Plaintiff's First

4   Amended Complaint for failure to state a claim, but because it may possibly be saved by

5   amendment, the Court will dismiss it with leave to amend.

6   **II.   First Amended Complaint**

7        Plaintiff alleges three counts for denial of access to the court and violation of due

8   process.  Plaintiff sues the Arizona Governor Jan Brewer; Arizona Department of Public

9   Safety (DPS) Lieutenant Jeffrey E. Raynor, and Arizona Department of Corrections (ADC)

10  Director Charles L. Ryan.  Plaintiff seeks declaratory, injunctive, and compensatory relief.

11       **Background**

12       In this, and other cases filed by Plaintiff, he disputes whether he was convicted in

13  1993 of a sexually-based offense in California and whether he is required to comply with

14  Arizona's sex offender registration statute, Arizona Revised Statute § 13-3281.  Unofficial

15  information from the Administrative Office of the Courts for Los Angeles County, which is

16  available on Westlaw, reflects that a person named "Christopher Lamar Cleveland" was

17  *charged* with a "P 288.A" offense in Los Angeles County Court, case# SA013565, on May

18  13, 1993.[2]  California Penal Code § 288a penalizes oral copulation with a person under 18

19  years of age and/or with a person against the person's will, among other circumstances.  <u>See</u>

20  West's Ann. Cal. Penal Code § 288a.  Although not without ambiguity, Plaintiff appears to

21  dispute that he served 365 days in jail for that offense, stating that he was released in July

22  1993, or that he was sentenced to three years on probation.

23       Between October 31, 1994 and April 23, 2001, Plaintiff was incarcerated in Arizona

24  for an armed robbery conviction.  Shortly before his release from the armed robbery

25  conviction, an ADC corrections officer informed Plaintiff that as part of his release

26  conditions, Plaintiff had to register as a sex offender based upon his conviction in California

27

28       [2]  <u>See</u> https://web2.westlaw.com, criminal arrest & infractions records-California
(CRIM-CA), record date May 13, 1993, case# SA013565 (last visited May 9, 2013).

1  case SA013565, which was reflected on the National Crime Information Center (NCIC)

2  database.[3]  Plaintiff apparently did register, and he does not contend that he challenged the

3  requirement on the basis that he had never been convicted of the offense in California.

4  Plaintiff was released from ADC custody.

5      On September 30, 2003, Plaintiff was sentenced to 2.5 years in prison after he *pleaded*

6  *guilty* to failing to register as a sex offender based upon California case SA013565, in

7  Maricopa County Superior Court case# CR2003-037149.[4]  On December 18, 2007, Plaintiff

8  was sentenced to three years in prison after he again *pleaded guilty* to failing to register as

9  a sex offender with one prior felony in Maricopa County Superior Court case# CR2007-

10  030890, again based on California case SA013565.[5]  Plaintiff does not explain why he

11  pleaded guilty in these cases if he had not been convicted in the California case.

12      Plaintiff is currently charged in two cases in Pinal County Superior Court.  In case

13

14      [3]  According to the NCIC website, data contained in NCIC is provided by the FBI,
    federal, state, local and foreign criminal justice agencies, and authorized courts.  The FBI is

15  authorized to acquire, collect, classify and preserve identification, criminal identification,
    crime, and other records and to exchange such information with authorized entities.  The

16  purpose for maintaining the NCIC system of record is to provide a computerized data base
    for ready access by a criminal justice agency making an inquiry and for prompt disclosure

17  of information in the system from other criminal justice agencies about crimes and criminals.
    This information assists authorized agencies in criminal justice objectives, such as

18  apprehending fugitives, locating missing persons, locating and returning stolen property, as
    well as in the protection of the law enforcement officers encountering the individuals

19  described in the system.  An individual with a criminal record supported by fingerprints
    entered in the NCIC III file, criminal history record information, is available to that

20  individual for review upon presentation of appropriate identification and in accordance with
    applicable State and Federal administrative and statutory regulations.  Appropriate

21  identification includes being fingerprinted for the purpose of insuring that the individual is
    who the individual purports to be. The record on file will then be verified through

22  comparison of fingerprints.  See http://www.fas.org/irp/agency/doj/fbi/is/ncic.htm (last
    visited May 9, 2013).

23

24      [4]  See http://www.courtminutes.maricopa.gov/docs/Criminal/102003/m1159258.pdf
    (last visited May 9, 2013).

25

26      [5]  See http://www.courtminutes.maricopa.gov/docs/Criminal/122007/m2979475.pdf
    (last visited May 9, 2013).  In the minute entry, Plaintiff's last name is spelled "Cleaveland"

27  but the referenced prior felony was CR2003-037149.  Id.

28

CR201200144, he is charged with one count of failure as a sex offender to file a notice of address or name charge, and in case CR201202592, he is charged with one count each of failure as a sex offender to file a notice of moving out of the county and failure to register with the sheriff's department.[6]   In a minute entry issued December 20, 2012 in CR201200144, the court set a hearing on a *state* motion to dismiss, which was scheduled to be held on January 8, 2013.[7]  Based on the scheduled hearing in that case, the court reset the pretrial conference in CR201202592 to be held the same day.[8]  Both hearings have since been continued for reasons, and to a date, not reflected in records currently available on-line.[9]

In his First Amended Complaint, Plaintiff disputes that he was convicted in the California case and asserts that compliance with Arizona Revised Statute § 13-3821 violates his constitutional rights.

**III.   Failure to State a Claim**

To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right.  Wood v. Ostrander, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

**A.      Defendants Brewer, Raynor, and Ryan**

Plaintiff sues Arizona Governor Brewer, DPS Lieutenant Colonel Raynor, and

---

[6] See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx (Last visited May 9, 2013).

[7] See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited May 9, 2013).

[8] See http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited May 9, 2013).

[9] See http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, case##CR2012 00144 and CR201202592 (last visited May 9, 2013).

1    Director Ryan.  Plaintiff fails to state a claim against any of them.

2         To state a claim against a defendant, "[a] plaintiff must allege facts, not simply

3    conclusions, that show that an individual was personally involved in the deprivation of his

4    civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  For an individual

5    to be liable in his official capacity, a plaintiff must allege that the official acted as a result of

6    a policy, practice, or custom.  See Cortez v. County of Los Angeles, 294 F.3d 1186, 1188

7    (9th Cir. 2001).  Further, there is no *respondeat superior* liability under § 1983, so a

8    defendant's position as the supervisor of someone who allegedly violated a plaintiff's

9    constitutional rights does not make him liable.  Monell v. Dep't of Soc. Servs., 436 U.S. 658,

10   691 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  A supervisor in his

11   individual capacity "is only liable for constitutional violations of his subordinates if the

12   supervisor participated in or directed the violations, or knew of the violations and failed to

13   act to prevent them."  Taylor, 880 F.2d at 1045.

14        Plaintiff alleges no facts against Raynor.  Accordingly, he will be dismissed.

15        In Count III, Plaintiff asserts that Brewer and Ryan are "intimately connected" to

16   ADC and its policies and customs in their administrative capacities.  He asserts that they

17   acted negligently when an ADC employee required Plaintiff to register as a sex offender

18   under § 13-3281 in 2001 based upon the California case, but negligence is not sufficient to

19   state a claim under § 1983.  Daniels v. Williams, 474 U.S. 327, 330-31 (1986).  Moreover,

20   Plaintiff concedes that neither Brewer nor Ryan were in their current positions in 2001.

21   Instead, he asserts that they failed to rectify determinations that he must comply with § 13-

22   3821 and that they have knowledge of his situation.  These allegations are vague and

23   conclusory.  Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S.

24   519, 520-21 (1972), conclusory and vague allegations will not support a cause of action.

25   Ivey v. Board of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).  Further,

26   a liberal interpretation of a civil rights complaint may not supply essential elements of the

27   claim that were not initially pled.  Id.  Accordingly, Plaintiff fails to state a claim against

28   Brewer or Ryan and they will be dismissed.

**B.     Count I**

Plaintiff designates Count I as a claim for denial of access to the court.  The right of meaningful access to the courts prohibits officials from actively interfering with inmates' attempts to prepare or file legal documents.  Lewis v. Casey, 518 U.S. 343, 350 (1996).  The right of access to the courts is only a right to bring petitions or complaints to federal court and not a right to discover such claims or even to ligate them effectively once filed with a court.  Id. at 354.  The right "guarantees no particular methodology but rather the conferral of a capability–the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id.  at 356.

As a matter of standing, for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury" with respect to contemplated litigation.  Id. at 349.  To show actual injury with respect to contemplated litigation, the plaintiff must demonstrate that the defendants' conduct frustrated or impeded him from bringing to court a nonfrivolous claim that he wished to present.  Id. at 352-53.

"[T]he injury requirement is not satisfied by just any type of frustrated legal claim." Id. at 354.  The right of access to the courts "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  Id. at 355.  The nonfrivolous claim must be a direct or collateral attack on the inmate's sentence or a challenge to the conditions of his confinement.  Id.  "Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  Id. (emphasis in original).

Plaintiff fails to state a claim for denial of access to the court.  Plaintiff has not alleged an actual injury, i.e., facts to support that he was denied the ability to file a direct or collateral attack on a conviction or sentence or the ability to challenge conditions of confinement. Rather, Plaintiff contends that ADC lacked the authority to require him to register as a sex

offender in 2001 as a condition of release under Arizona Revised State § 13-3821.[10]  Plaintiff is mistaken.

Section 13-3821(A) requires a person, who has been convicted in another jurisdiction of offenses having the same elements as specified Arizona offenses, to register with the relevant county sheriff within 10 days of entering with the intent to remain in Arizona, *even if* the person was not required to so register where convicted.[11]   Section 13-3821(B) provides that:

> Before the person is released from confinement the state department of corrections in conjunction with the department of public safety and each county sheriff *shall complete the registration of any person* who was convicted of or adjudicated guilty except insane for a violation of any offense listed under subsection A of this section.  Within three days after the person's release from confinement, the *state department of corrections shall forward the registered person's records to the department of public safety and to the sheriff of the county in which the registered person intends to reside*. . . . .

Ariz. Rev. St. § 13-3821(B) (emphasis added).  Section 13-3821 has been upheld by Arizona appellate courts.  See State v. Cameron, 916 P.2d 1183 (Ariz. Ct. App. 1996) (application of sex offender registration statute to defendant convicted of misdemeanor public sexual indecency did not amount to cruel and unusual punishment or violate defendant's right to travel).[12]

_____

[10]  A § 1983 claim that an ADC employee violated Plaintiff's rights by requiring him to comply with § 13-3821 in 2001 would also now be time-barred, absent equitable tolling.

[11]  Among the specified Arizona offenses is sexual conduct with a minor under A.R.S. § 13-1405(A), which makes it an offense to have sexual conduct with a minor by engaging in sexual intercourse or sexual contact with any person under the age of 18.

[12]  As explained in John D. v. Vanderpool, No. CV05-2254-PHX-JAT, 2006 WL 2038466, at *1 (D. Ariz. July 19, 2006),

> Arizona law requires every convicted sex offender to register with the sheriff of the county where the offender resides.  A.R.S. § 13-3821(A) (Supp. 1997).  The information provided by the offender is forwarded to the Department of Public Safety (DPS) and to the chief of police where the offender resides.  A.R.S. § 13-3821(D).  Law enforcement must then prepare a risk assessment and categorize the offender.  A.R.S § 13-3825(A)(2), (C).  The Arizona Sex Offender Assessment Screening Profile for Regulatory Community

1   Thus, contrary to Plaintiff's assertion, ADC must "complete the registration of any

2   person who was convicted of" a qualifying offense, whether committed in Arizona or another

3   state.  Ariz. Rev. St. § 13-3581(B) (emphasis added).  Plaintiff acknowledges that NCIC

4   records available to ADC reflected that he had been convicted of a qualifying offense in

5   California.  Further, contrary to Plaintiff's belief, Arizona law requires persons convicted of

6   specified sexual offenses to comply with § 13-3821 even if they were not so required by the

7   state where they were convicted of the sexual offense.  ADC's compliance with § 13-3821

8   did not thereby deny Plaintiff access to the court.  For the reasons discussed above, Plaintiff

9   fails to state a claim in Count I and it will be dismissed.

10   **C.   Count II**

11   Plaintiff also designates Count II as a claim for denial of access to the court.  Apart

12   from including allegations analogous to those in Count I, Plaintiff contends that being

13   required to register in Arizona as a sex offender as a condition of release violated his Fifth

14   Amendment Double Jeopardy rights.  Plaintiff again is mistaken.

15   "The Double Jeopardy Clause protects against three distinct abuses: (1) a second

16   prosecution for the same offense after acquittal; (2) a second prosecution for the same

17

18   Notification (Risk Assessment), used by law enforcement to establish what
19   level of notification a convicted sex offender will receive, is based on
20   guidelines that were created by the State Community Notification Guideline
     Committee.  A.R.S. § 13-3826.
21       Each risk assessment category has different notification requirements.
22   The statutes provide for notification that is "based on the risk that a particular
     sex offender poses to the community."  A.R.S. §§ 13-3825 to 3826.  If a sex
23   offender is rated a 1 offender, law enforcement must give information about
     the offender only to other law enforcement agencies and the people the
24   offender lives with.  A.R.S. § 13-3826(E)(1)(b).  If the offender is assessed as
     level 2 or 3, notification must be made to the neighborhood where the sex
25   offender lives, local schools and daycare centers, community groups and
26   prospective employers.  Levels 2 and 3 also include a flyer with a photo and
     physical description of the offender, the offender's address, and the crime the
27   offender was convicted of.  Additionally, a flyer and a press release are given
28   to the media, and the same information is published to the DPS web site.
     A.R.S. §§13-3826(E)(1)(a), -3827(B).

offense after conviction; and (3) multiple punishments for the same offense." United States v. Chick, 61 F.3d 682, 686 (9th Cir. 1995) (quoting United States v. Halper, 490 U.S. 435, 440 (1989)).  The Double Jeopardy Clause guarantees not only protection from multiple convictions and punishment, but also the right not to be "twice put to trial for the same offense." Abney v. United States, 431 U.S. 651, 660 (1977).

Plaintiff does not allege facts to support that he has twice been prosecuted for the same offense.  Rather, he alleges that being required to comply with Arizona's sex offender registration statute amounts to a successive or multiple punishment for an offense for which he has already served a sentence.  The Supreme Court has found that registration as a sex offender does not alone constitute punishment for purposes of a challenge under the *ex post facto* or double jeopardy clauses of the Constitution.  See Smith v. Doe, 538 U.S. 84, 102-103 (2003) (sex offender statutes have "a legitimate nonpunitive purpose of 'public safety, which is advanced by alerting the public to the risk of sex offenders in their community'"); Kansas v. Hendricks, 521 U.S. 346, 368-69 (1997).[13]

As with Count I, Plaintiff otherwise fails to allege facts against any named Defendant in Count II or to allege an actual injury, i.e., facts to support that he was denied the ability to file a direct or collateral attack on a conviction or sentence or file a case challenging his conditions of confinement.  Accordingly, Plaintiff fails to state a claim in Count II and it will be dismissed.

### D.   Count III

Although Plaintiff also designates Count III as a claim for denial of access to the court, he actually asserts that his Fourteenth Amendment equal protection rights were violated when an ADC officer required him to comply with § 13-3821(A) as a condition of

---

[13]   Further, a state statute that has a non-punitive purpose and that has a rational connection to that non-punitive purpose, does not violate the Eighth Amendment's prohibition on cruel and unusual punishment. See Hendricks, 521 U.S. 346, 368-69 (1997); Hatton v. Bonner, 356 F.3d 955, 967 (9th Cir. 2004).

release in 2001.[14]  Plaintiff also asserts allegations analogous to those made in Counts I and II.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U.S. Const., amend. XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). A state practice that interferes with a fundamental right or that discriminates against a suspect class of individuals is subject to strict scrutiny.  Massachusetts Bd. of Ret. v. Murgia, 427 U.S. 307, 312 (1976); see City of Cleburne, 473 U.S. at 441.  Absent allegations that he is a member of a suspect class, or that a fundamental right has been violated, a plaintiff must allege facts to support that he has been intentionally treated differently from others who are similarly situated without a reasonable basis therefor.  See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000).  Conclusory allegations do not suffice.  See Village of Arlington Heights v. Metropolitan Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiff has not alleged that he is a member of a suspect class or the denial of a fundamental right.  Nor has he alleged facts to support that he has been intentionally treated differently than similarly-situated individuals without a reasonable basis.  Rather, he largely repeats the allegations made in support of Counts I and II without alleging *facts* to state a claim against named Defendants.  Accordingly, Plaintiff fails to state a claim in Count III and it will be dismissed.

## IV.   Leave to Amend

For the foregoing reasons, Plaintiff's First Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint.

---

[14]   As noted above, such claim is time-barred unless Plaintiff demonstrated that equitable tolling applied.

If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint or First Amended Complaint by reference. Plaintiff may include only one claim per count.

A second amended complaint supersedes the original Complaint and First Amended Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint and First Amended Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint or First Amended complaint is waived if it is not raised in a second amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

**V.     Warnings**

**A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C.    Copies

Plaintiff must submit an additional copy of every filing for use by the Court.  See LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D.    Possible "Strike"

Because the First Amended Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file a second  amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).  Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

### E.    Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  See Ferdik, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)    The First Amended Complaint is **dismissed** for failure to state a claim.  (Doc. 19.)  Plaintiff has **30 days** from the date this Order is filed to file a second amended complaint in compliance with this Order.

(2)    If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

1        (3)    The Clerk of Court must mail Plaintiff a court-approved form for filing a civil

2    rights complaint by a prisoner.

3        DATED this 20th day of May, 2013.

4

5

6

7    _____

                David G. Campbell

8              United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instructions for a Prisoner Filing a Civil Rights Complaint
in the United States District Court for the District of Arizona**

1.  <u>Who May Use This Form</u>.  The civil rights complaint form is designed to help incarcerated persons prepare a complaint seeking relief for a violation of their federal civil rights.  These complaints typically concern, but are not limited to, conditions of confinement.  **This form should not be used to challenge your conviction or sentence**.  If you want to challenge a state conviction or sentence, you should file a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody.  If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.

2.  <u>The Form</u>.  **Local Rule of Civil Procedure (LRCiv) 3.4(a) provides that complaints by incarcerated persons must be filed on the court-approved form.**  The form must be typed or neatly handwritten.  The form must be completely filled in to the extent applicable.  All questions must be answered clearly and concisely in the appropriate space on the form.  If needed, you may attach additional pages, **but no more than fifteen additional pages**, of standard letter-sized paper.  You must identify which part of the complaint is being continued and number all pages. If you do not fill out the form properly, you will be asked to submit additional or corrected information, which may delay the processing of your action.  You do not need to cite law.

3.  <u>Your Signature</u>.  You must tell the truth and sign the form.  If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  <u>The Filing Fee</u>.  The filing fee for this action is $350.00.  If you are unable to immediately pay the filing fee, you may request leave to proceed *in forma pauperis*.  Please review the "Information for Prisoners Seeking Leave to Proceed with a (Non-Habeas) Civil Action in Federal Court *In Forma Pauperis* Pursuant to 28 U.S.C. § 1915" for additional instructions.

5.  <u>Original and Judge's Copy</u>.  You must send an **original plus one copy** of your complaint and of any other documents submitted to the Court.  You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.  All copies must be identical to the original.  Copies may be legibly handwritten.

6.  <u>Where to File</u>.  You should file your complaint in the division **where you were confined when your rights were allegedly violated**.  <u>See</u> LRCiv 5.1(a) and 77.1(a).  If you were confined in Maricopa, Pinal, Yuma, La Paz, or Gila County, file in the Phoenix Division.  If you were confined in Apache, Navajo, Coconino, Mohave, or Yavapai County, file in the Prescott Division.  If you were confined in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file in the Tucson Division.  **Mail the original and one copy of the complaint with the $350 filing fee or the application to proceed *in forma pauperis* to:**

| Phoenix & Prescott Divisions: | **OR** | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona  85003-2119 | | Tucson, Arizona  85701-5010 |

7.  Change of Address.  You must immediately notify the Court and the defendants in writing of any change in your mailing address.  **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8.  Certificate of Service.  You must furnish the defendants with a copy of any document you submit to the Court (except the initial complaint and application to proceed *in forma pauperis*).  Each original document (except the initial complaint and application to proceed *in forma pauperis*) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the defendants and the address to which it was mailed.  See Fed. R. Civ. P. 5(a), (d).  Any document received by the Court that does not include a certificate of service may be stricken.  A certificate of service should be in the following form:

> I hereby certify that a copy of the foregoing document was mailed
> this _____ (month, day, year) to:
> Name:  _____
> Address:_____
>        Attorney for Defendant(s)
> _____
> (Signature)

9.  Amended Complaint.  If you need to change any of the information in the initial complaint, you must file an amended complaint.  The amended complaint must be written on the court-approved civil rights complaint form.  You may file one amended complaint without leave (permission) of Court before any defendant has answered your original complaint.  See Fed. R. Civ. P. 15(a).  After any defendant has filed an answer, you must file a motion for leave to amend and lodge (submit) a proposed amended complaint.  LRCiv 15.1.  In addition, an amended complaint may not incorporate by reference any part of your prior complaint.  LRCiv 15.1(a)(2).  **Any allegations or defendants not included in the amended complaint are considered dismissed**.  All amended complaints are subject to screening under the Prison Litigation Reform Act; screening your amendment will take additional processing time.

10.  Exhibits.  You should not submit exhibits with the complaint or amended complaint.  Instead, the relevant information should be paraphrased.  You should keep the exhibits to use to support or oppose a motion to dismiss, a motion for summary judgment, or at trial.

11.  Letters and Motions.  It is generally inappropriate to write a letter to any judge or the staff of any judge.  The only appropriate way to communicate with the Court is by filing a written pleading or motion.

2

12.  Completing the Civil Rights Complaint Form.

**HEADING:**

1.  Your Name.  Print your name, prison or inmate number, and institutional mailing address on the lines provided.

2.  Defendants.  If there are **four or fewer** defendants, print the name of each.  If you name **more than four** defendants, print the name of the first defendant on the first line, write the words "and others" on the second line, and attach an additional page listing the names of **all** of the defendants.  Insert the additional page after page 1 and number it "1-A" at the bottom.

3.  Jury Demand.  If you want a jury trial, you must write "JURY TRIAL DEMANDED" in the space below "CIVIL RIGHTS COMPLAINT BY A PRISONER."  Failure to do so may result in the loss of the right to a jury trial.  A jury trial is not available if you are seeking only injunctive relief.

**Part A.  JURISDICTION:**

1.  Nature of Suit.  Mark whether you are filing the complaint pursuant to 42 U.S.C. § 1983 for state, county, or city defendants; "Bivens v. Six Unknown Federal Narcotics Agents" for federal defendants; or "other."  If you mark "other," identify the source of that authority.

2.  Location.  Identify the institution and city where the alleged violation of your rights occurred.

3.  Defendants.  Print all of the requested information about each of the defendants in the spaces provided.  If you are naming more than four defendants, you must provide the necessary information about each additional defendant on separate pages labeled "2-A," "2-B," etc., at the bottom.  Insert the additional page(s) immediately behind page 2.

**Part B.  PREVIOUS LAWSUITS:**

You must identify any other lawsuit you have filed in either state or federal court while you were a prisoner.  Print all of the requested information about each lawsuit in the spaces provided.  If you have filed more than three lawsuits, you must provide the necessary information about each additional lawsuit on a separate page.  Label the page(s) as "2-A," "2-B," etc., at the bottom of the page and insert the additional page(s) immediately behind page 2.

**Part C.  CAUSE OF ACTION:**

You must identify what rights each defendant violated.  The form provides space to allege three separate counts (**one violation per count**).  If you are alleging more than three counts, you must provide the necessary information about each additional count on a separate page. Number the additional pages "5-A," "5-B," etc., and insert them immediately behind page 5.  Remember that you are limited to a total of fifteen additional pages.

3

1. <u>Counts</u>.  You must identify which civil right was violated.  **You may allege the violation of only one civil right per count**.

2. <u>Issue Involved</u>.  Check the box that most closely identifies the issue involved in your claim.  **You may check only one box per count**.  If you check the box marked "Other," you must identify the specific issue involved.

3. <u>Supporting Facts</u>.  After you have identified which civil right was violated, you must state the supporting facts.  Be as specific as possible.  You must state what each individual defendant did to violate your rights.  If there is more than one defendant, you must identify which defendant did what act.  You also should state the date(s) on which the act(s) occurred, if possible.

4. <u>Injury</u>.  State precisely how you were injured by the alleged violation of your rights.

5. <u>Administrative Remedies</u>.  You must exhaust any available administrative remedies before you file a civil rights complaint.  <u>See</u> 42 U.S.C. § 1997e.  Consequently, you should disclose whether you have exhausted the inmate grievance procedures or administrative appeals for each count in your complaint.  If the grievance procedures were not available for any of your counts, fully explain why on the lines provided.

**Part D.  REQUEST FOR RELIEF:**
Print the relief you are seeking in the space provided.

**SIGNATURE:**
You must sign your name and print the date you signed the complaint.  Failure to sign the complaint will delay the processing of your action.  Unless you are an attorney, you may not bring an action on behalf of anyone but yourself.

**FINAL NOTE**

You should follow these instructions carefully.  Failure to do so may result in your complaint being stricken or dismissed.  All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number the pages.

_____
Name and Prisoner/Booking Number

_____
Place of Confinement

_____
Mailing Address

_____
City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_____,   )
(Full Name of Plaintiff)                      )
           Plaintiff,      )
                      )
        vs.              )   CASE NO. _____
                      )          (To be supplied by the Clerk)
(1)_____,   )
(Full Name of Defendant)                   )
(2)_____,   )
                      )   **CIVIL RIGHTS COMPLAINT**
(3)_____,   )   **BY A PRISONER**
                      )
(4)_____,   )   ☐ Original Complaint
           Defendant(s).      )   ☐ First Amended Complaint
☐ Check if there are additional Defendants and attach page 1-A listing them.   )   ☐ Second Amended Complaint

## A. JURISDICTION

1.   This Court has jurisdiction over this action pursuant to:
        ☐ 28 U.S.C. § 1343(a); 42 U.S.C. § 1983
        ☐ 28 U.S.C. § 1331; <u>Bivens v. Six Unknown Federal Narcotics Agents</u>, 403 U.S. 388 (1971).
        ☐ Other: _____.

2.   Institution/city where violation occurred: _____.

Revised 3/9/07                   1                  **550/555**

**B. DEFENDANTS**

1. Name of first Defendant: _____. The first Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

2. Name of second Defendant: _____. The second Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

3. Name of third Defendant: _____. The third Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

4. Name of fourth Defendant: _____. The fourth Defendant is employed as:
_____at_____.
(Position and Title)                                                    (Institution)

**If you name more than four Defendants, answer the questions listed above for each additional Defendant on a separate page.**

**C. PREVIOUS LAWSUITS**

1. Have you filed any other lawsuits while you were a prisoner?     ☐ Yes     ☐ No

2. If yes, how many lawsuits have you filed? _____.  Describe the previous lawsuits:

   a.  First prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   b.  Second prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

   c.  Third prior lawsuit:
       1.  Parties: _____ v. _____
       2.  Court and case number: _____.
       3.  Result:  (Was the case dismissed?  Was it appealed?  Is it still pending?)_____
           _____.

**If you filed more than three lawsuits, answer the questions listed above for each additional lawsuit on a separate page.**

## D.  CAUSE OF ACTION

### COUNT I

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count I**.  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
    ☐ Basic necessities      ☐ Mail      ☐ Access to the court      ☐ Medical care
    ☐ Disciplinary proceedings      ☐ Property      ☐ Exercise of religion      ☐ Retaliation
    ☐ Excessive force by an officer      ☐ Threat to safety    ☐ Other: _____

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count I.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).
_____
_____
_____.

5.   **Administrative Remedies:**
    a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?      ☐ Yes    ☐ No
    b.   Did you submit a request for administrative relief on Count I?      ☐ Yes    ☐ No
    c.   Did you appeal your request for relief on Count I to the highest level?      ☐ Yes    ☐ No
    d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

3

## COUNT II

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count II.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
☐ Basic necessities        ☐ Mail            ☐ Access to the court      ☐ Medical care
☐ Disciplinary proceedings  ☐ Property        ☐ Exercise of religion     ☐ Retaliation
☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count II.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
a.   Are there any administrative remedies (grievance procedures or administrative appeals) available at your institution?                                                            ☐ Yes    ☐ No
b.   Did you submit a request for administrative relief on Count II?        ☐ Yes    ☐ No
c.   Did you appeal your request for relief on Count II to the highest level?  ☐ Yes    ☐ No
d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why you did not. _____
_____.

**COUNT III**

1.   State the constitutional or other federal civil right that was violated: _____
_____.

2.   **Count III.**  Identify the issue involved.  Check **only one**.  State additional issues in separate counts.
 ☐ Basic necessities          ☐ Mail            ☐ Access to the court      ☐ Medical care
 ☐ Disciplinary proceedings   ☐ Property        ☐ Exercise of religion     ☐ Retaliation
 ☐ Excessive force by an officer  ☐ Threat to safety  ☐ Other: _____.

3.   **Supporting Facts.**  State as briefly as possible the FACTS supporting Count III.  Describe exactly what **each Defendant** did or did not do that violated your rights.  State the facts clearly in your own words without citing legal authority or arguments.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____.

4.   **Injury.**  State how you were injured by the actions or inactions of the Defendant(s).

_____
_____
_____.

5.   **Administrative Remedies.**
  a.   Are there any administrative remedies (grievance procedures or administrative appeals) available
       at your institution?                                                ☐ Yes   ☐ No
  b.   Did you submit a request for administrative relief on Count III?     ☐ Yes   ☐ No
  c.   Did you appeal your request for relief on Count III to the highest level?   ☐ Yes   ☐ No
  d.   If you did not submit or appeal a request for administrative relief at any level, briefly explain why
       you did not. _____
       _____.

**If you assert more than three Counts, answer the questions listed above for each additional Count on a separate page.**

## E.  REQUEST FOR RELIEF

State the relief you are seeking:

_____
_____
_____
_____
_____
_____
_____.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          _____
                            DATE                                       SIGNATURE OF PLAINTIFF



_____
(Name and title of paralegal, legal assistant, or
other person who helped prepare this complaint)



_____
(Signature of attorney, if any)
_____
_____
_____
(Attorney's address & telephone number)


## ADDITIONAL PAGES

All questions must be answered concisely in the proper space on the form.  If you need more space, you may attach no more than fifteen additional pages.  But the form must be completely filled in to the extent applicable.  If you attach additional pages, be sure to identify which section of the complaint is being continued and number all pages.