SC

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Lamar Cleveland, | No. CV 12-2323-PHX-DGC (SPL) |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona Department of Safety, et al., | |
| Defendants. | |

Plaintiff Christopher Lamar Cleveland, who is confined in the Pinal County Jail in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983.[1] In an order filed on February 7, 2012, the Court dismissed Plaintiff's Complaint for failure to state a claim with leave to amend. (Doc. 17.) Plaintiff filed a First Amended Complaint, which the Court also dismissed for failure to state a claim with leave to amend. (Doc. 19, 22.) Plaintiff has filed a Second Amended Complaint, a letter, several motions, notices, and declarations. (Doc. 23-32.) The Court will dismiss the Second Amended Complaint for failure to state a claim, dismiss this action, and deny the motions.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against

---

[1] Plaintiff has filed several other cases since he commenced this one: *Cleveland v. Arpaio*, No. CV12-2605-PHX-DGC (SPL) (§ 1983); *Cleveland v. Babeu*, No. CV12-2685-PHX-DGC (SPL) (§ 2254 habeas); *Cleveland v. Babeu*, No. CV13-0045-PHX-DGC (SPL) (§ 2241 habeas); *Cleveland v. Voyles*, No. CV13-0265-PHX-DGC (SPL) (§ 1983 civil rights); and *Cleveland v. Babeu*, No. CV13-0328-PHX-DGC (SPL) (§ 2254 habeas).

a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II. Second Amended Complaint

Plaintiff alleges two counts for deliberate indifference and violation of equal protection. Plaintiff sues California Deputy Public Defender Lynn Meltzer, who represented

Plaintiff in California state court in 1993, and Maricopa County Sheriff Joseph Arpaio. Plaintiff seeks injunctive, compensatory, and punitive relief.

**Background**

In this and other cases, Plaintiff disputes whether he was convicted in 1993 of a sexually-based offense in California and whether he is subject to Arizona's sex offender registration statute, Arizona Revised Statute (ARS) § 13-3281. Unofficial information from the Administrative Office of the Courts for Los Angeles County, which is available on Westlaw, reflects that a person named "Christopher Lamar Cleveland" was convicted of violating "P 288.A" and "P 288.B" in Los Angeles County Court, case # SA013565, on May 13, 1993.[2] Although Plaintiff has previously challenged whether he was convicted in California, and his sentence, he recently submitted a copy of a document from his 1993 case that he received on August 28, 2013 from Judge Antonio Barreto, Jr., of the California Superior Court. (Doc. 32.) That document reflects that on August 26, 1993, Plaintiff withdrew his plea of not guilty to count one and pleaded nolo contendere to that count, a violation of "§ 288.A", in SA013565. The document further reflects that Plaintiff was remanded to custody with sentencing to be held on November 29, 1993. In another notice, Plaintiff attaches his replica of a letter he received from Judge Barreto, dated September 27, 2013, in which Judge Barreto stated that Plaintiff had been convicted of violating § 288a and was sentenced on November 30, 1993. (Doc. 31.) Barreto stated that the California judgment did not indicate whether Plaintiff was required to register as a sex offender in California when he was sentenced. (Id.)

Between October 31, 1994 and April 23, 2001, Plaintiff was incarcerated in Arizona for an armed robbery conviction. Shortly before his release from the armed robbery conviction, an ADC corrections officer informed Plaintiff that as part of his release conditions, he had to register as a sex offender based upon his California conviction in case

---

[2] *See* https://web2.westlaw.com, criminal arrest & infractions records-California (CRIM-CA), record date May 13, 1993, case# SA013565 (last visited Dec. 18, 2013).

- 3 -

SA013565, which was reflected on the National Crime Information Center (NCIC) database.[3] Plaintiff apparently registered and did not challenge the requirement that he do so. Plaintiff was released from ADC custody.

On September 30, 2003, Plaintiff was sentenced to 2.5 years in prison after he pleaded guilty in Maricopa County Superior Court, case#CR2003-037149, to failing to register as a sex offender based upon California case SA013565.[4] On December 18, 2007, Plaintiff was sentenced to three years in prison after he again pleaded guilty in Maricopa County Superior Court, case# CR2007-030890, to failing to register as a sex offender with one prior felony based on California case SA013565.[5]

Plaintiff is currently charged in two cases in Pinal County Superior Court. In case# CR201200144, he is charged with one count of failure as a sex offender to file a notice of

---

[3] According to the NCIC website, data contained in NCIC is provided by the FBI, federal, state, local and foreign criminal justice agencies, and authorized courts. The FBI is authorized to acquire, collect, classify and preserve identification, criminal identification, crime, and other records and to exchange such information with authorized entities. The purpose for maintaining the NCIC system of record is to provide a computerized data base for ready access by a criminal justice agency making an inquiry and for prompt disclosure of information in the system from other criminal justice agencies about crimes and criminals. This information assists authorized agencies in criminal justice objectives, such as apprehending fugitives, locating missing persons, locating and returning stolen property, as well as in the protection of the law enforcement officers encountering the individuals described in the system. An individual with a criminal record supported by fingerprints entered in the NCIC III file, criminal history record information, is available to that individual for review upon presentation of appropriate identification and in accordance with applicable State and Federal administrative and statutory regulations. Appropriate identification includes being fingerprinted for the purpose of insuring that the individual is who the individual purports to be. The record on file will then be verified through comparison of fingerprints. See http://www.fas.org/irp/agency/doj/fbi/is/ncic.htm (last visited May 9, 2013).

[4] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/102003/m1159258.pdf (last visited Dec. 18, 2013).

[5] *See* http://www.courtminutes.maricopa.gov/docs/Criminal/122007/m2979475.pdf (last visited Dec. 18, 2013). In the minute entry, Plaintiff's last name is spelled "Cleaveland," but the referenced prior felony was CR2003-037149. Id.

- 4 -

address or name charge, and in case# CR201202592, he is charged with one count each of failure as a sex offender to file a notice of moving out of the county and failure to register with the sheriff's department.[6]  In a minute entry issued December 20, 2012 in CR201200144, the court set a hearing on a *state* motion to dismiss, which was scheduled to be held on January 8, 2013.[7]  Based on the scheduled hearing in that case, the court reset the pretrial conference in CR201202592.[8]  Both hearings have since been continued for reasons, and to a date, not reflected in records currently available on-line.[9]

### III.   Failure to State a Claim

To state a claim under § 1983, a plaintiff must allege facts to support that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, to state a valid constitutional claim, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

### A.   Younger Abstention

In his Second Amended Complaint, Plaintiff seeks an injunction releasing him from custody, dismissing the pending cases, and absolving him from any further compliance with ARS § 13-3821.  He also seeks other relief, such as a re-trial for his parental rights,

---

[6] *See* http://apps.supremecourt.az.gov/publicaccess/minutes.aspx (last visited Dec. 18, 2013).

[7] *See* http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited Dec. 18, 2013).

[8] *See* http://apps.supremecourt.az.gov/publicaccess/minutes.aspx, minute entry dated Dec. 20, 2012 (last visited Dec. 18, 2013).

[9] *See* http://apps.supremecourt.az.gov/publicaccess/caselookup.aspx, case## CR201200144 and CR201202592 (last visited Dec. 18, 2013).

- 5 -

1 apparently stemming from having been required to register as a sex offender.[10]

2 The abstention doctrine in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal 3 court in most circumstances from directly interceding in ongoing state criminal proceedings. 4 The *Younger* abstention doctrine also applies while a case works its way through the state 5 appellate process, if a prisoner is convicted. *New Orleans Pub. Serv., Inc. v. Council of City* 6 *of New Orleans*, 491 U.S. 350, 369 (1989). Only in limited, extraordinary circumstances will 7 the *Younger* doctrine not bar federal interference with ongoing (non-final) state criminal 8 proceedings. Such circumstances include when a prisoner alleges that he is being subjected 9 to double jeopardy. *See Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Speedy 10 trial claims may also be reviewed *if* a detainee is seeking to compel the state to bring him to 11 trial, rather than seeking dismissal of the charges, and the detainee has exhausted all of his 12 state court remedies. *Braden*, 410 U.S. at 489-90; *see In re Justices of Superior Court Dep't* 13 *of Mass. Trial Court*, 218 F.3d 11, 18 & n.5 (1st Cir. 2000).

14 Plaintiff has not alleged any ground that falls within the very limited circumstances 15 in which a federal court may intercede in ongoing state criminal proceedings under the 16 *Younger* doctrine. He does not assert a violation of the Fifth Amendment's Double Jeopardy 17 Clause, or facts to support such violation, nor does he allege that his speedy trial rights have 18 been violated for which he seeks to compel the state to bring him to trial. Thus, Plaintiff has 19 not asserted a basis for a federal court to interfere in his pending state criminal proceedings. 20 Even if he had, if Plaintiff wishes to challenge his pretrial detention by Pinal County based 21 on double jeopardy or speedy trial grounds, he must file a petition for writ of habeas corpus 22 under 28 U.S.C. § 2241; he may not obtain such relief in this action. Accordingly, Plaintiff's

---

[10] In his most recent notices filed in this case, Plaintiff argues that he cannot lawfully be required to register under Arizona's sex offender registration statute where he pleaded nolo contendere to a California sex offense rather than pleading guilty. However, in his Second Amended Complaint, Plaintiff asserts that he cannot be prosecuted for failing to register as a sex offender where a copy of the California judgment, and associated documents, have not been produced and/or when there is no evidence that he executed a plea agreement in the California case agreeing to register as a sex offender. Neither is required under § 13-3821.

1 Second Amended Complaint will be dismissed to the extent that he seeks relief as to his
2 current detention.

### B. Defendant Lynn Meltzer

Plaintiff also sues the criminal defense attorney who represented him in his California case concerning her description of the California proceedings to a NAACP investigator, who Plaintiff contacted for assistance. Plaintiff alleges the following: Meltzer represented him in his 1993 California case, SA01356501. The NAACP undertook an investigation to ascertain whether Plaintiff was convicted in SA01356501. In the course of its investigation, it interviewed Meltzer who provided information about the case, which Plaintiff contends was false. Specifically, Meltzer informed the NAACP investigator that Plaintiff pleaded guilty in the case, although she no longer had records regarding the charge Plaintiff pleaded guilty to. Plaintiff asserts that if he had pleaded guilty in California, Arizona courts would have a copy of the plea agreement and, because Arizona courts do not, there is no proof that he pleaded guilty. As he has previously, Plaintiff also contends that he cannot be required to register as a sex offender if such condition was not included in the California plea agreement and he was not required to register as a sex offender in California following his release in 1993.

Plaintiff's dissatisfaction with responses given by Meltzer to the NAACP investigator does not afford a basis for relief under § 1983. Plaintiff has alleged no facts to support that Meltzer acted under color of state law when interviewed, even if her responses were inaccurate. The "under color of state law" component is the equivalent of the "state action" requirement under the Constitution. *Luger v. Edmundston Oil Co, Inc.*, 457 U.S. 922, 928 (1982); *Jensen v. Lane County*, 222 F.3d 570, 574 (9th Cir. 2000) (citing *Rendell-Baker v. John*, 457 U.S. 830, 838 (1982); *West v. Atkins*, 487 U.S. 42, 49 (1988)). "Acting under color of state law is 'a jurisdictional requisite for a § 1983 action.'" *Gritchen v. Collier*, 254 F.3d 807, 812 (9th Cir. 2001) (quoting *West*, 487 U.S. at 46). Whether an attorney representing a criminal defendant is privately retained, a public defender, or court-appointed, he does not act under color of state law. *See Polk County v. Dodson*, 454 U.S. 312, 317-18

- 7 -

1 (1981); *Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (*en banc*). For that reason, Plaintiff may not seek relief under § 1983 against Meltzer, either as his former defense attorney or based in her responses to the NAACP investigator. Accordingly, Plaintiff fails to state a claim against Meltzer and she will be dismissed.

### C.     Arpaio

Plaintiff also sues Maricopa County Sheriff Arpaio asserting in Count II, that Arpaio violated his Fourteenth Amendment equal protection rights, and various federal criminal statutes, and acted in excess of his jurisdiction. Plaintiff appears to contend that Arpaio violated his constitutional rights by "denying Plaintiff [a] certified record of [the] signed plea agreement [and] indictment, grand jury transcripts, probation reports, transcripts to plea proceedings, any victim statements at sentencing etc." (Doc. 23 at 14.) Plaintiff otherwise asserts that he was not convicted of a sex offense requiring him to register and that he was wrongfully required to register as a sex offender in Maricopa County. Plaintiff asserts that he never admitted guilt in his California case, although he has more recently acknowledged that he entered a nolo contendere plea.

Plaintiff fails to allege facts to support that Arpaio violated Plaintiff's constitutional rights or facts to support that Arpaio was constitutionally required to provide copies of documents from Plaintiff's California criminal case.[11] Rather, Plaintiff makes only vague

---

[11] "The [Supreme] Court has described the 'fundamental' rights protected by substantive due process as 'those personal activities and decisions that this Court has identified as so deeply rooted in our history and traditions, or so fundamental to our concept of constitutionally ordered liberty, that they are protected by the Fourteenth Amendment.'" *Doe v. Tandeske*, 361 F.3d 594, 596 (9th Cir. 2004) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 727 (1997)). The Ninth Circuit concluded that, under *Glucksberg*, "persons who have been convicted of serious sex offenses do not have a fundamental right to be free from the registration and notification requirements" of Alaska's sex offender registration statute. *Id.* at 597. It explained that while fundamental liberty interests required that any state infringement of such rights be narrowly tailored to serve a compelling state interest, only a reasonable relation to a legitimate state interest was necessary to justify state actions implicating something less than a fundamental liberty interest. *Id.* It further noted that the Supreme Court had already concluded that the statute's provisions served a "'legitimate nonpunitive purpose of public safety, which is advanced by alerting the public to the risk of

- 8 -

and conclusory assertions. Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.* Accordingly, Plaintiff fails to state a claim against Arpaio and he will be dismissed.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend and will deny his pending motions.

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 23) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) Plaintiff's pending motions, notices, letter, and declarations are **denied** to the extent that any relief is sought therein. (Doc. 24-32.)

(3) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

---

sex offenders in their community.'" Id. (quoting Smith v. Doe, 538 U.S. 84, 102-103 (2003) (internal quotation marks omitted)).

(4) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 30th day of December, 2013.

*David G. Campbell* (signature)

David G. Campbell
United States District Judge